BAKER, Judge,
concurring in part and dissenting in part.
The admissibility of evidence is a matter of law to be determined by the trial court. 1 C. Friend, The Law of Evidence in Virginia § 8.1 (4th ed. 1993). To be admissible, the evidence must be both relevant and material. Johnson v. Commonwealth, 2 Va.App. 598, 601, 347 S.E.2d 163, 165 (1986).
The ultimate inquiry in determining whether evidence is both material—tending to prove a matter which is properly at issue in the case—and relevant—tending to establish the proposition for which it is offered—is: Does the evidence tend to prove a proposition which is itself provable in the case?
Id. In finding that the trial court committed reversible error, the majority necessarily holds that the trial court abused its discretion. The reason given by the majority in holding that the trial -court abused its discretion is that the plastic bag containing the unidentified palm print tended to “exonerate” appellant. I respectfully disagree with that conclusion.
The plastic bag would not refute the affirmative evidence that the fingernail found in the cash drawer was that of appellant. Nor would it refute the testimony of the eyewitness who exclaimed, “I know him” and later, at trial, positively identified appellant as the robber who placed his hand in the cash drawer and withdrew monies therefrom. Moreover, it would not support appellant’s alibi defense. If none of these, then for what purpose could it be used to “exonerate” appellant? I respectfully submit that the plastic bag did not tend to prove a proposition which was itself provable in this case. *602 Except for the holding by the majority that the trial court erroneously refused to admit the plastic bag into evidence, I concur with the remainder of that opinion.
Accordingly, I would affirm the judgment of the trial court.